O



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CAROL E. COLE,                          )          CASE NO. ED CV 06-00339 RZ
                                        )
                    Plaintiff,          )
                                        )          MEMORANDUM OPINION
        vs.                             )          AND ORDER
                                        )
MICHAEL J. ASTRUE, Commissioner         )
of  Social Security Administration,     )
                                        )
                    Defendant.          )
————————————————————————)

        Because none of Plaintiff's five arguments for reversal of the underlying step-four denial of disability benefits is persuasive, the Court will affirm.

        Plaintiff first argues that the Administrative Law Judge did not consider all relevant evidence of her impairments. *See* Pl.'s Mem. at 1-3.  The argument appears to consist of three instances of picking nits.  She faults the underlying opinion, which does note that her pain medications make her drowsy and that she thus naps twice daily, for not further commenting on how those naps might reduce her ability to work. *Id*. at 3.  But this is unpersuasive for two reasons: (a) the nap statement derives from her subjective account, which, as discussed below, the Administrative Law Judge properly partially rejected; and (b) she points to no evidence or law indicating that she is unable to perform sedentary work in a standard eight-hour workday while *also* napping at two times during the day.  Next, Plaintiff faults the Administrative Law Judge's word usage in finding that her "low back

pain is stable with Vicodin," because, she explains, "stable" could still mean she is in agonizing pain (but that it is a steady level of pain). Perhaps so, but in context, it is plain that the Administrative Law Judge found her pain to be stable, with medication, *at a non-disabling level* – particularly in light of his credibility findings, discussed below. Finally, Plaintiff points to various evidence highlighting her back pain, including a treating physician's note that she should "Avoid lifting and putting any strain on back." But such a restriction is already implicit in the underlying "sedentary" evaluation. Plaintiff shows no error in this regard.

Second, Plaintiff faults the opinion, in the following terms, for not providing a proper basis for its principal conclusion:

> In his decision, the ALJ merely recites the claimant's testimony as to some of her exertional functions and some of her symptoms ([Administrative Record, or "AR"] 17), and then proceeds to state his conclusion, after commenting that the claimant is basically being treated with medications, that "the undersigned finds that the claimant retains the functional capacity for sedentary work" ([AR] 18). He then immediately cites the definition of sedentary work[,] [but] [o]ther than his conclusory statement about the capacity for sedentary work, the ALJ makes no findings of his own as to the restrictions and limitations which the claimant's impairments, and related symptoms, impose on her so that she is limited to "sedentary work."

Pl.'s Mem. at 4. What Plaintiff neglects to mention is that, earlier in the opinion, the Administrative Law Judge provided a detailed summary of several medical opinions, specifically including the functional limitations assessed by various examiners. *See* AR

15 (Dr. Shuman), 15-16 (Dr. Sabourin) (medium-work assessment), 16 (Dr. Harman) (sedentary-work assessment), 16-17 (Dr. Wadhwa), 17 (Dr. Mehta).  That summary is supported by substantial evidence, which also supports the underlying sedentary-but-not-disabled finding.  Indeed, as the Administrative Law Judge noted, one physician, Dr. Sabourin, believed Plaintiff capable of *medium* work if she were fitted with proper shoes, but the Administrative Law Judge conservatively gave her "the benefit of the doubt" and found her capable only of sedentary work.  AR 16.  In doing so, the judge expressly stated that he "agrees with Joseph Hartman, M.D."  *Id*.  Plaintiff fails to show legal error (or that, if error occurred, that it was not harmless) or that substantial evidence does not support the assessment.

Third, Plaintiff asserts that the Administrative Law Judge failed to provide "specific" reasons for discounting her credibility.  Generally, once a claimant has supplied objective medical evidence of a malady that "could reasonably be expected to produce" some degree of pain or other subjectively-reported symptoms, the Administrative Law Judge may discount the claimant's testimony about the degree of pain, and how that pain affects the claimant's ability to work, only if the judge supplies specific, cogent reasons supported by substantial evidence in the record, *see Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), sufficient to permit this Court to conclude that the Administrative Judge's disbelief was not arbitrary.  *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1994).

The Administrative Law Judge complied with these standards by explaining his finding as follows:

Although the claimant reports persistent symptomatology, the treating and examining physicians have reported no significant objective abnormalities.  The physicians have been unable to determine the cause of the claimant's persistent subjective symptomatology.  Careful analysis of the record as

1   constituted in this case reveals a notable lack of objective
2   medical evidence demonstrating the existence of the anatomical,
3   physiological, or psychological abnormalities alleged by the
4   claimant.  While the medical records do indicate evaluations for
5   fibromyalgia and carpal tunnel syndrome ([AR 147-234]), the
6   record contains no objective testing or clinical findings with
7   which to support the diagnoses or evaluate the severity of these
8   conditions.  Rather, these conditions are listed as either what is
9   being evaluated in the particular instance or as conditions which
10  appear in the claimant's medical history.   The claimant's
11  impairments have been treated by medication for the most part
12  ([AR 235-59]).  The claimant's low back pain is treated with
13  medications; heart attack [*sic*] and GERD [gastroesophageal
14  reflux disease] are also treated with medication.  The claimant's
15  medication causes side effects including drowsiness.  For this
16  the claimant naps twice a day.

17        Accordingly, the undersigned finds the claimant retains
18  the residual functional capacity for sedentary work.

19

20  AR 17-18.

21        Plaintiff again fails to show legal error or that substantial evidence does not
22  support this explanation, which is "specific" in identifying at least two legitimate bases for
23  discounting credibility:  (1) relative lack of objective medical evidence to support the
24  degree of pain reported; and (2) the fact that Plaintiff's pain treatments have been
25  conservative (and, the Court infers from the naps comment, that the side effects are not so
26  great as to render her disabled).  In addition, an earlier part of the opinion summarized
27  Plaintiff's daily or regular activities, some of which appear not to describe a person
28  disabled by pain, particularly chores.  *See* AR 17 ("The claimant testified that she cleans

house by herself, cooks and does the dishes.  The claimant reads, watches television and visits friends occasionally.  The claimant goes grocery shopping and walks occasionally.").  Although the Administrative Law Judge did not include Plaintiff's regular activities as a basis for partially rejecting her credibility, they suggest that any possible error in his not including additional "specific" reasons in his opinion was harmless.

Fourth, Plaintiff quibbles with the Administrative Law Judge's comment, quoted above in discussing her credibility, that *no* objective testing supported a fibromyalgia diagnosis, and she cites portions of the record to the contrary.  Perhaps that comment was incorrect, but Plaintiff was not prejudiced by it:  as she herself notes, the Administrative Law Judge gave her the benefit of the doubt and concluded she *did* suffer the ailment and that it was "severe."  Plaintiff speculates that, because the Administrative Law Judge made this mistake, he therefore must not have truly taken the ailment into account in evaluating her claim.  But Plaintiff's speculation is unpersuasive, for it is insufficient to show legal error or the absence of substantial evidence.

Finally, Plaintiff asserts that "[t]wo of the three jobs identified by the vocational expert, namely assembler . . . and accounting and tax preparation (AR 18) are designated as 'light'" work in the DICTIONARY OF OCCUPATIONAL TITLES (DOT), above the "sedentary" level found by the Administrative Law Judge.  This is unpersuasive for two reasons.  First, the third job identified by the expert, "customer service," is listed as sedentary.  *See* DOT listing 249.362-026.  (As Plaintiff notes, the DOT number cited by the Administrative Law Judge, 249.362-0*1*6, does not exist.  But the correct number, as stated by the vocational expert, differs only as to the next-to-last digit – a "1" instead of the correct "2."  *See* AR 293.  Reversal for what is plainly a harmless typographical error is unwarranted.)  Second, the vocational expert's *step-five* testimony was not even necessary to the underlying *step-four* denial.  At step four, the burden was on Plaintiff to demonstrate

///
///
///

that she was not able to return to any prior relevant work.  She did not carry that burden, rendering the vocational expert's testimony superfluous – and error therein harmless.

For the foregoing reasons, the underlying decision is affirmed.


DATED:  September 10, 2007


_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE